**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MARISOL IRAIRA, ET AL,**

          **Plaintiff(s),**

**CASE NUMBER: 01-72394**

**HONORABLE VICTORIA A. ROBERTS**

**v.**

**PAMELA AGUIRRE, ROBIN KRYCH, JILL AGUIRRE, and RANCE AGUIRRE,**

          **Defendant(s).**

_____/

**ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Defendant Rance Aguirre's Motion for Attorney Fees and Costs and Defendants Robyn Krych and Jill Aguirre's Motion for Attorney Fees and Costs.  Magistrate Judge Donald A. Scheer recommends that both motions be denied.[1]  The Court **ADOPTS** the Magistrate's recommendation.

---

[1] As discussed more fully below, Magistrate Scheer issued an Order, rather than a report and recommendation on Defendants' motions because this matter was erroneously referred to him for hearing and determination under 28 U.S.C. §636 (b)(1)(A).  However, the Court will regard Magistrate Scheer's Orders as recommendations and review Defendants' objections accordingly.

1

## II. BACKGROUND

Plaintiffs[2] brought this action against Defendants Pamela Aguirre, Robin Krych, Jill Aguirre and Rance Aguirre alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"),[3] the Labor Management Relations Act ("LMRA"),[4] and the Worker Adjustment and Retraining Notification Act ("WARN").[5] On November 26, 2003, the Court granted Defendants' Motions for Summary Judgment and entered Judgement in Defendants' favor and against Plaintiffs. The Court also granted Defendant Rance Aguirre's Motion for Rule 11 Sanctions, and ordered that the award be paid by Plaintiffs' counsel. Plaintiffs appealed all of the Court's rulings. On June 1, 2005, the Sixth Circuit affirmed. *See Internat'l Union, United Automobile, Aerospace and Agricultural Implement Workers of America v Aguirre*, 410 F.3d 297 (6th Cir. 2005).

Pending throughout Plaintiffs' appeal were Defendants' motions for attorney fees and costs against the UAW and Local 600 ("the Union Plaintiffs") only, pursuant to ERISA's fee provision. Defendants did not seek attorney fees against the individual Plaintiffs. The Court referred Defendants' motions to Magistrate Judge Donald M. Scheer. In denying the requests for attorney fees, Magistrate Scheer found that labor

---

[2]Plaintiffs include five former employees of Mexican Industries in Michigan ("MIIM")--Marisol Iraira, Leticia Mendoza, Maria Castello, Jorge Fernandez, and Mary Allenborough; the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW"); and, the UAW's Local Union No. 600 ("Local 600").

[3]29 U.S.C. §§1101, *et seq.*

[4]29 U.S.C. §185.

[5]29 U.S.C. §§2101, *et seq.*

unions are not among the class of persons entitled to bring an ERISA action under 29 U.S.C. §1132(a) and, therefore, that the Court does not have subject matter jurisdiction over such a claim by the Union Plaintiffs. Consequently, Magistrate Scheer ruled that Defendants could not obtain attorney fees against the Union Plaintiffs. The Magistrate also denied Defendants Robin Krych and Jill Aguirre's alternative assertion that fees and costs could be awarded under the WARN Act.

Defendants timely filed objections to the Magistrate's ruling.

### III. STANDARD OF REVIEW

The Court erroneously referred Defendants' motions to Magistrate Scheer under 28 U.S.C. §636(b)(1)(A), which gives a magistrate authority to issue a final order on a non-dispositive pretrial motion. However, Defendants correctly point out that FRCP 54(d)(2)(D) provides that fee motions are to be regarded as dispositive. *See also Callier v Gray,* 167 F.3d 977, 982 n. 9 (6th Cir. 1998); *Estate of Conners v O'Connor,* 6 F.3d 656, 659 (9th Cir. 1993). Therefore, under 28 U.S.C. §636(b)(1)(B), Magistrate Scheer only had authority to issue a report and recommendation, rather than a final order. Consequently, the Court will regard Magistrate Scheer's Orders as recommendations which are subject to *de novo* review. 28 U.S.C. §636(b)(1)(C).

### IV. APPLICABLE LAW AND ANALYSIS

#### A. The Law-of-the-Case Doctrine Does Not Apply.

Defendants argue that the Magistrate Judge erred in concluding that the Court lacks jurisdiction over an ERISA claim by a labor union, and that attorney fees cannot be awarded against such a plaintiff if no ERISA jurisdiction exists with respect to that

3

plaintiff. Defendant Rance Aguirre argues that Plaintiffs essentially waive the ability to challenge subject matter jurisdiction, inasmuch as throughout the litigation they have asserted the jurisdiction of this Court.

A review of this Court's Orders and the parties' jurisdictional arguments in support of and opposition to Defendants' Motions for Judgment on the Pleadings and Motions for Summary Judgment reveals that the parties did not argue, and the Court did not directly address, whether the Union Plaintiffs have standing to bring a claim under ERISA. In fact, Defendants never asserted their jurisdictional argument in this context. Defendants only argued that there was no subject matter jurisdiction over Plaintiffs' alter ego/veil piercing claims under either ERISA, LMRA or the WARN Act, because Defendants were mere shareholders and officers of the principal corporation, MIIM. Defendants' arguments were made against Plaintiffs collectively. They did not directly or implicitly argue that the Union Plaintiffs additionally lacked standing to pursue any claim under ERISA. And, Plaintiffs did not in their responsive arguments make a distinction between the Union Plaintiffs and the individual Plaintiffs.

Defendants are correct that the Court found that it had subject matter jurisdiction because Plaintiffs alleged "underlying violations of ERISA, as well as LMRA and the WARN Act, in addition to their veil piercing claim." November 26, 2003 Order at p. 13 n. 21. However, the Court's ruling was made in a limited context, without distinguishing between the Union and individual Plaintiffs. Thus, there is no basis for reading the Court's narrow ruling as broadly as Defendants suggest.

Magistrate Scheer's recommendations were not contrary to the "law-of-the-case." "Under the law-of-the-case doctrine, findings made at one point in the litigation become

4

the law of the case for subsequent stages of that same litigation." *Rouse v DaimlerChrysler Corp.,* 300 F.3d 711, 715 (6th Cir. 2002). "The doctrine has 'developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.'" *In re MTG, Inc.*, 291 B.R. 694, 697-698 (E.D. Mich. 2003)(*quoting* 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §4478 (2d. ed. 2002)).

Lack of standing is a jurisdictional question that may be raised at any time. *Nat'l Organization for Women, Inc. v Scheidler,* 510 U.S. 249, 255 (1994)("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation."); *U.S. v AVX Corp.,* 962 F.2d 108, 116 n.7 (1st Cir. 1992)("[A] defect in standing cannot be waived; it must be raised, either by the parties or by the court whenever it becomes apparent."). *See also U.S. v Hays,* 515 U.S. 737, 742 (1995); *Community First Bank v Nat'l Credit Union Admin.,* 41 F.3d 1050, 1053 (6th Cir. 1994). Therefore, the Union Plaintiffs were not foreclosed from raising this issue for the first time in response to Defendants' motions for attorney fees and costs, and the Magistrate did not err in considering the argument.

### B.     Unions Do Not Have Standing to Bring ERISA Actions.

The Magistrate's finding that unions are not within the class of persons allowed to bring an ERISA action is consistent with the express wording of the ERISA statute and the majority view. 29 U.S.C. §1132(g)(1) states in relevant part:

> In any action under this subchapter . . . **by a participant, beneficiary, or fiduciary,** the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

5

(emphasis added). A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . ." 29 U.S.C. §1002(7). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8). A person is a "fiduciary" if:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

Although the statute provides that a "person" includes an employee association or organization,[6] a number of courts have held that labor unions do not otherwise come within the plain language of any of these definitions and, therefore, are not within the class of persons allowed to bring an ERISA action. *See New Jersey State AFL-CIO v State of New Jersey*, 747 F.2d 891, 892-893 (3rd Cir. 1984); *Abels v Titan International, Inc.,* 85 F.Supp.2d 924, 930 (S.D. Iowa 2000); *International Union v Auto Glass Employees Federal Credit,* 858 F.Supp. 711, 721 (M.D. Tenn. 1994); *United Food and Commercial Workers Local 204 v Harris-Teeter Super Markets, Inc.,* 716 F.Supp. 1551, 1561 (W.D. N.C. 1989). The Sixth Circuit has not addressed the issue directly. However, in *Local 6-0682 International Union of Paper v National Industrial Group Pension Plan*, 342 F.3d 606 n. 1 (6th Cir. 2003), in dicta, the Court acknowledged the

---

[6] 29 U.S.C. §1002(9).

majority view that labor unions are not participants or beneficiaries, but stated that a union may with a proper showing qualify as a fiduciary.[7]

Defendants correctly point out that the Seventh Circuit adopted the opposite view that a union has a derivative right to bring an ERISA claim on behalf of plan members who are participants or beneficiaries. *See Southern Illinois Carpenters Welfare Fund v Carpenters Welfare Fund of Illinois,* 326 F.3d 919, 922 (7th Cir. 2003); *International Ass'n of Bridge, Structural & Ornamental Iron Workers Local No. 111 v Douglas*, 646 F.2d 1211, 1214 (7th Cir. 1981). However, the Seventh Circuit is in the minority. And, the analysis in both *Southern Illinois* and *Douglas*, was conclusory. Relying solely on 29 U.S.C. §1132(a)(1)(B), which provides that "a civil action may be brought by a participant or beneficiary to clarify his rights to future benefits under the terms of the plan[,]" the *Douglas* Court found that a labor union has standing to bring an ERISA suit on behalf of its members in order to clarify their rights to future plan benefits. The Third Circuit criticized *Douglas* stating:

> The [*Douglas*] court did not . . . attempt to reconcile this result with the express words of the statutory provision-which do not include unions among the persons or entities that may bring suit.

*Northeast Dept. ILGWU Health and Welfare Fund v Teamsters Local Union No. 229 Welfare Fund*, 764 F.2d 147, 152 (3rd Cir. 1985).

The *Southern Illinois* Court acknowledged that the *Douglas* Court did not explain the basis of its ruling. Nevertheless, in a similarly cursory fashion, the *Southern Illinois* Court followed *Douglas* and rejected the majority view stating:

---

[7]Defendants have not argued that the Union Plaintiffs are fiduciaries.

> [W]ith all due respect to the contrary view of the Third Circuit, we do not think that by confining the right to sue under section 1132(a)(1) to plan participants and beneficiaries Congress intended to prevent unions from suing on behalf of participants. The union in such a case is not seeking anything for itself; the real plaintiffs in interest are the plan participants.

326 F.3d at 922.[8]

The derivative standing argument embraced by the *Douglas* and *Southern Illinois* Courts has been rejected by several courts as contrary to the express statutory limitations on those permitted to bring suit. In *International Union v Auto Glass Employees Federal Credit, supra,* the Court stated:

> ERISA's statutory framework lists those persons empowered to bring a civil action with particularity . . . and devotes an entire section to the specific definitions to be used in the application of the statute. . . . Significantly, although the term 'employee organization' is specifically defined, 29 U.S.C. §1002(4), it remains conspicuously absent in the delineation of those who may bring a civil action. Despite the fact that an ERISA claim may derive from a collective bargaining agreement negotiated by a union, Congress has obviously chosen not to include a labor union as an appropriate party to vindicate employees' rights under ERISA.

858 F.Supp. at 722. *See also Communications Workers of America, AFL-CIO v SBC Disability Income Plan,* 80 F.Supp.2d 631, 633 (W.D. Tex. 1999)(following *International Union*).

The Southern District of New York in *District 65, UAW v Harper & Row, Publishers, Inc.,* 576 F.Supp. 1468, 1476 (S.D. N.Y. 1983), similarly held that adoption of the derivative standing argument "would render the explicit language used in ERISA meaningless." And, the Court in *Systems Council EM-3, International Brotherhood of*

---

[8]The Court ultimately affirmed the district court's dismissal on other grounds.

8

*Electrical Workers v AT&T Corp*, 972 F.Supp. 21 (D.D.C. 1997), noted that the Supreme Court's finding in *Warth v Seldin*, 422 U.S. 490 (1975)--that unions have standing as associations to bring actions on behalf of their members-- dealt with the constitutional limitations on standing, not the statutory limitations set forth in ERISA. Based on the express language of the statute, the *Systems Council* Court concluded that unions are not enumerated parties under ERISA and, therefore, do not have standing to maintain an ERISA claim.

Because the rationale of the majority of courts that have considered this issue is consistent with the express language of the ERISA statute, the Court ADOPTS the Magistrate's finding that labor unions such as the UAW and Local 600 do not have standing to bring a Section 502 ERISA claim. The Court finds that the Seventh Circuit opinions in *Douglas* and *Southern Illinois*--which offer only limited reasoning that conflicts with the express language of the ERISA statute--are not persuasive authority in favor of the minority view advocated by Defendants.

### C. Defendants May Not Seek Attorney Fees and Costs Against the Union Plaintiffs Under the Attorney Fee Provision of ERISA

The Court's analysis does not end with its finding that the Union Plaintiffs do not have standing to bring an ERISA claim, because Defendants contend now that they are still entitled to ERISA fees since the individual Plaintiffs were beneficiaries who indisputably had ERISA standing. On the other hand, the Union Plaintiffs contend that the Court may only consider the status of the party against whom fees are sought.

It appears that this issue has not been addressed in this or other circuits in the context presented. The typical scenario is when a sole plaintiff is adjudged to lack

9

standing under ERISA. In that instance, courts have consistently declined to assess attorney fees under §1132(g)(1).[9] However, where there are multiple plaintiffs--some of whom have ERISA standing--it is unclear whether fees may be sought against a plaintiff without ERISA standing if at least one other plaintiff is a participant, beneficiary or fiduciary. That is, the question presented is whether it is sufficient, as Defendants assert, that the underlying claim is brought by *a* participant, beneficiary or fiduciary, even if the party against whom fees are sought does not fall into any of those categories.

The language of the statute is ambiguous and does not provide any guidance. Section 1132(g)(1) states:

> In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

Standing alone, this language is susceptible to the conflicting interpretations advocated by the parties.

Defendants, however, cite as analogous cases in which courts have assessed fees against attorneys who brought frivolous ERISA complaints on behalf of one of the enumerated parties. *See Sommer v Unum Life Insurance Company of America*, 35 Fed. Appx. 489 (9th Cir. 2002)(unpub. op.); *Loving v Pirelli Cable Corp.,* 11 F.Supp.2d 480 (D. Del. 1998); *Baker v Greater Kansas City Laborers Welfare Fund*, 716 F.Supp. 1229 (W.D. Mo. 1989). In at least one instance, fees were awarded against plaintiff's

---

[9]*See Cliburn*, 165 F.3d at 316; *M&R Investment Company, Inc. v Fitzsimmons,* 685 F.2d 283 (9th Cir. 1982); *Kaelin v Tenneco, Inc.,* 28 F.Supp. 2d 489 (N. D. Ill. 1998); *Niagra of Wisconsin Paper Corp. v Paper Industry Union-Management Pension Fund,* 603 F.Supp. 1423 (D. Minn. 1984).

counsel even though plaintiff was not a participant, beneficiary or fiduciary.  *See Childers v Medstar Health*, 289 F.Supp.2d 714 (D. Md. 2003).

With the exception of *Sommer*, however, none of these courts cites authority for an award of fees against persons who do not fit within one of the enumerated categories and are not even parties to the action.  And, while the *Sommer* Court asserts that the text of 1132(g)(1) "in no way limits the imposition of fees and costs to [a participant, beneficiary or fiduciary]," the Court only relies upon discreet language in *Corder v Howard Johnson & Co.,* 53 F.3d 225, 229 (9th Cir. 1994):

> Where one of the above enumerated parties--participant, beneficiary, or fiduciary--brings an action, the district court has discretion to award attorney's fees to either plaintiffs or defendants.

This language, however, does not clearly support Defendants' proposition, and it is no more illuminating than the statute itself.  Furthermore, as discussed more fully below, the *Corder* Court actually reversed the district court's award of fees against parties who did not fall within one of the designated categories.

The Union Plaintiffs contend that ERISA fees may only be assessed against a participant, beneficiary or fiduciary, regardless of whether one of multiple plaintiffs is an enumerated party.  Consistent with the Union Plaintiff's assertion, the Ninth Circuit twice declined to award fees against third-party claimants even though the plaintiff in the original action was one of the enumerated parties.  *See Corder,* 53 F.3d at 231-232*; Downey Community Hospital v Wilson*, 977 F.2d 470 (9th Cir. 1992).

In *Corder v Howard Johnson & Co.*, the Court reversed a district court's award of fees against a fund plan and an individual who was sued in his capacity as a trustee for the plan.  The plaintiffs in the underlying action were beneficiaries who sued the plan,

the trustee and Howard Johnson. The plan filed a third-party complaint against Howard Johnson. The parties settled the claims against the trustee, but the district court dismissed the plan's ERISA claims against Howard Johnson for lack of standing and dismissed the beneficiaries' claims against Howard Johnson on the merits. The court then awarded fees to Howard Johnson against the beneficiaries, the plan and the trustee.

On appeal, the *Corder* Court found that fees were not allowed against the plan or the trustee. The Court noted that the plan and the beneficiaries' relative status under ERISA were different; the beneficiaries were enumerated parties and the plan was not:

> The Beneficiaries are in a different position from the Plan. They sued as beneficiaries, and asserted an ERISA claim against Howard Johnson & Co. for breach of fiduciary duty. Their status neither changed during the course of the litigation nor was contested, and they were clearly a party under §1132(g)(1) which authorizes an award of fees against them.

53 F.3d at 231. Consequently, the Court held that fees were allowed against the beneficiaries but not the plan. *Id.* The Court, likewise, found that the district court lacked authority to award fees against the trustee because he also was not an enumerated party and the action was not initiated against him by one of the enumerated parties.[10]

Similarly, in *Downey*, the Court reversed the district court's award of fees to an

---

[10]It is not clear why the Court found that the action against the trustee was not initiated against him by one of the enumerated parties, inasmuch as he was sued by the beneficiaries. This is either a factual error by the Court or is based on facts not included in the opinion. In any event, what is relevant for this Court's purposes is the *Corder* Court's interpretation of §1132(g)(1) based on its presumption that the trustee was not sued by an enumerated party.

ERISA plan excess insurer. Plaintiff was a community hospital that provided an ERISA plan for health benefits. To resolve a dispute by two of its employees over coverage of services rendered by another hospital--Del Amo--to the employees' children, plaintiff filed a declaratory action against Del Amo, its parent company and the treating physician. Plaintiff's excess insurance carrier, Sterling Life Investors Company, which provided insurance for claims exceeding $50,000, was brought in as a third-party defendant.

The district court resolved the action on the merits in plaintiff and Sterling's favor. It awarded fees to both parties under §1132(g)(1). On appeal, plaintiff was presumably regarded as a fiduciary, because defendants only argued that fees were not warranted on substantive grounds. However, defendants asserted that Sterling was not entitled to an award of fees because it was not a prevailing party within the meaning of §1132(g)(1). The *Downey* Court agreed. The Court stated that:

> The district court has authority under section 1132(g) to award attorney's fees in an "action ... by a participant, beneficiary, or fiduciary" of a fund covered by ERISA. There is no ambiguity in the wording of the statute. *M & R. Inv. Co., Inc. v. Fitzsimmons,* 685 F.2d 283, 288 (9th Cir.1982). **Sterling does not qualify as a prevailing party under ERISA because it is neither a participant, fiduciary, nor a beneficiary of the plan.**

977 F.2d at 474-475 (emphasis added). *Corder* and *Downey* interpreted the express language of the statute to allow an award of fees only to a prevailing plaintiff who is a participant, beneficiary or fiduciary; or, to a prevailing defendant sued by a participant, beneficiary or fiduciary. *Corder*, 53 F.3d at 231-232; *Downey*, 977 F.2d at 474-475.

None of the cases cited by the parties is directly on point. However, the interpretation of §1132(g)(1) advocated by the Union Plaintiffs, and applied in *Corder*

13

and *Downey*, is most consistent with Congress' express intent to narrow the scope of §1132. In §1132(a), Congress explicitly lists limited categories of persons entitled to bring a civil action under §1132.[11] This language has been interpreted as an expression of Congress' intent that only the listed parties are entitled to invoke the protections of §1132. *See Whitworth Bros. Storage Co. v Central States, Southeast & Southwest Areas Pension Fund*, 794 F.2d 221, 228 (6th Cir. 1986)("[Precedent] and the plain language of the statute make clear that Congress intended to limit the parties who could maintain actions pursuant to [29 U.S.C. §1132 and ] that section [1132] is an exclusive grant of jurisdiction").

It stands to reason that Congress, likewise, intended to limit the persons who can invoke the ERISA fee provision to those who either brought suit as one of the enumerated parties or were sued by such a party. If Congress intended to allow ERISA fees under broader circumstances, it would have, and could have, more explicitly stated its intention. Without clear statutory language or other persuasive authority, the Court declines to read an inherent inconsistency into the statute.

Moreover, even if the Court was persuaded that the cases in which courts assessed fees against attorneys are analogous, it still declines to award fees against

---

[11] 29 U.S.C. §1132(a) states in relevant part:

A civil action may be brought--

**(1)** by a participant or beneficiary--

\* \* \*

**(2)** by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title

either the Union Plaintiffs or their counsel.[12]  The courts in *Sommer, Loving, Baker* and *Childers* only awarded fees when the suit was patently frivolous.  Here, the Court finds that the claims asserted against Jill Aguirre and Robin Krych were not patently frivolous, since the Court acknowledged in its Order granting summary judgment that the relevant case law was subject to misinterpretation.  *See* Order at pp. 14-16.  And, although the Court found that the claims against Rance Aguirre were frivolous for the reasons stated in the Court's prior Order granting his motion for Rule 11 sanctions, the Court already assessed fees and costs in the amount it deemed appropriate.

For these reasons, Defendants' respective motions for fees and costs under §1132(g)(1) are denied.

### D. Defendants Robin Krych and Jill Aguirre are not Entitled to an Award of Fees under the WARN Act

The Court adopts the Magistrate's recommendation that it deny Defendants Krych and Jill Aguirre's alternate request for fees and costs under the WARN Act.[13]  The WARN Act permits a court, in its discretion, to award "a prevailing party a reasonable attorney's fee as part of the costs."  29 U.S.C. §2104(a)(6).

This fee provision is modeled after the Civil Rights Act.  Therefore, the Fifth and Sixth Circuits relied upon the Senate Report pertaining to the WARN Act fee provision to hold that the "standard for determining an entitlement to fees, and the method of

---

[12] Defendants also argue that they are entitled to an award of fees against the Union Plaintiffs as counsel.  However, Defendants do not cite authority indicating that the UAW as a union and the UAW attorneys can or should be regarded as the same entity.

[13] Defendant Rance Aguirre did not request fees under the WARN Act.

15

determining the amount of the fees, are to be those already established pursuant to the Civil Rights Attorneys Fees Awards Act of 1978, 42 U.S.C. sec. 1988." *United Auto. Aerospace & Agr. Implement Workers of America, Local 1077 v Shadyside Stamping Corp.,* 947 F.2d 946, *4 n. 1 (6th Cir. 1991)(unpub. op.). *See also Hollowell v Orleans Regional Hospital, L.L.C.,* 217 F.3d 379, 392 n.15 (5th Cir. 2000). Under §1988, a prevailing defendant is only entitled to an award of fees if the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978). *See also Pierzynowski v Police Dept. City of Detroit*, 947 F.Supp. 1147, 1148-1149 (E.D. Mich. 1996); *LRL Properties v Portage Metropolitan Housing Authority*, 914 F.Supp. 188, 191 (N.D. Ohio 1995).

The Union Plaintiffs do not dispute Defendants' assertion that they are prevailing parties. However, the Court cannot say that Plaintiffs' complaint against Jill Aguirre and Robin Krych was frivolous, unreasonable or without foundation. Unlike Rance Aguirre, for whom there was no factual basis for Plaintiffs' assertion that he retained control over MIIM when the 2000 CBA was signed, Jill Aguirre and Krych continued to be active in the company until its unfortunate demise. Consequently, Plaintiffs' claims against Jill Aguirre and Krych were colorable on their face, even though the evidence ultimately did not bear out the claims. Therefore, the Court finds that an award of fees and costs to Jill Aguirre and Krych is not warranted. Their motion is denied.

## V. CONCLUSION

Defendants' respective Motions for Attorney Fees and Costs are **DENIED**.

**IT IS SO ORDERED.**

                                              s/Victoria A. Roberts
                                              Victoria A. Roberts
                                              United States District Judge

Dated:  February 24, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 24, 2006.

s/Linda Vertriest
Deputy Clerk

---